alike, had been issued from pads at none but this dock. For all that appears, the plaintiff's tickets may have been issued at different docks, and his drivers may have been given tickets exclusively from a particular book, at the election of the distributing agents, in the instances referred to, or, indeed, error may have crept into the method of checking off the tickets received from the plaintiff by the defendant's employés. It was thus by no means clear that these tickets were not actually received in the usual course of business, and the prima facie proof afforded by the plaintiff's evidence of possession, and the general manner in which that possession had been obtained, sufficed for the favorable finding of the court.

The judgment should be affirmed, with costs. All concur.

---

(50 Misc. Rep. 651)

### JONES v. UNION RY. CO.

(Supreme Court, Appellate Term. April 24, 1906.)

1. ELECTRICITY—NEGLIGENCE—EVIDENCE.

In an action for the killing of a horse by electricity by coming in contact with a wire which had been thrown over and hung from the feed wire of a street railway, where the evidence did not show how the wire had been placed there, nor how long it had remained, except that it was not there eight minutes before the accident, the evidence was insufficient to show the railway company guilty of negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for the killing of a horse by electricity by coming in contact with wire thrown over the feed wire of a street railway while being driven by the plaintiff, whether the plaintiff was guilty of negligence was a question for the jury.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Electricity, § 11.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Sylvester Jones against the Union Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

William E. Weaver, for appellant.

Headley M. Greene, for respondent.

SCOTT, P. J. The defendant operates its railway by means of an overhead trolley. About half past 5 o'clock on the 20th day of August, 1905, the plaintiff was driving a truck with two horses along defendant's track, when one of the horses came into contact with a wire which had by some means been thrown over and then hung from defendant's feed wire. The horse received an electrical shock, from which it immediately died. The wire was not of a kind used by the defendant, and evidently was no part of its equipment, and the circumstances pointed irresistibly to the conclusion that some mischievous person had thrown this loose piece of wire over defendant's feed wire, and left it dangling there. There was no evidence how long the wire had been in this position, except that one of defendant's motormen said that he had

passed the spot eight minutes before and had not observed it. Under these circumstances, there was no evidence of defendant's negligence to submit to the jury. We think, also, that the justice erred in withdrawing from the jury altogether any question as to plaintiff's negligence. While he had a right to assume that the road would be unobstructed, he was not wholly relieved from the obligation to be reasonably vigilant in watching for unexpected and unusual obstacles, and it was at least a question for the jury whether, if he had been so vigilant, he would not have seen the wire before he reached it.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.